UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RITCHIE HANSFORD CONNER, | ) | CASE NO. 4:09 CV 2952 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| UNITED STATES OF AMERICA, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

Plaintiff *pro se* Ritchie Hansford Conner filed this *Bivens*[1] action against the United States, the Federal Bureau of Prisons ("BOP"), the Warden of FCI-Elkton, FCI-Elkton Physician's Assistant Ward, FCI-Elkton Corrections Officer Sweager, FCI-Elkton Corrections Officer Paraziona, and FCI-Elkton Corrections Officer Owens.  In the Amended Complaint (Doc. 4), plaintiff asserts the defendants were deliberately indifferent to his serious medical needs.  He seeks monetary damages.

## Background

Mr. Conner was in the recreation area of FCI-Elkton on August 15, 2008 when he choked on a piece of candy.  He indicates he inhaled the candy and was unable to breathe.  He signaled for help and staff members summoned medical attention.  While in the recreation area, Mr.

---

[1]*Bivens v. Six Unknown Agents*, 403 U.S. 383 (1971).

Conner lost consciousness and "passed away."  Doc. 4 at 5.  Staff members brought out a portable automated external defibrillator ("AED") and attempted to revive him.  He alleges the AED was without power and, therefore, useless.  Staff had to procure another AED and bring it to the recreation area.  The second AED was properly charged and Mr. Conner's heart was shocked back into rhythm.  He was transported to a hospital in Salem, Ohio where he regained consciousness. He claims correctional staff spread rumors that he died and gave away some of his personal property.  He claims the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

## Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim on which relief can be granted or if it lacks an arguable basis in law or fact.[2]  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action will be dismissed pursuant to section 1915(e).

As an initial matter, the United States and the BOP are not subject to *Bivens* suits. The United States, as a sovereign, cannot be sued without its prior consent, and the terms of its consent define the court's subject matter jurisdiction. *McGinness v. U.S.*, 90 F.3d 143, 145 (6th Cir.

---

[2]A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007)); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

2

1996).  A waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied.  *U.S. v. King*, 395 U.S. 1,4 (1969); *Soriano v. U.S.*, 352 U.S. 270, 276 (1957). The United States has not waived sovereign immunity for *Bivens* actions.  Moreover, *Bivens* claims can only be brought against individuals; they cannot be asserted against United States governmental agencies.  *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir.1991) (stating that a *Bivens* claim cannot be asserted against the United States government or its employees in their official capacities).

Furthermore, Mr. Conner does not allege facts which reasonably demonstrate that the named defendants were directly involved in the incident.  Under Fed. R. Civ. P. 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009).  The pleading standard of Rule 8 does not require detailed factual allegations, but it does require more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.*  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements" will not satisfy this pleading standard.  *Id.* Plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior.  *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995).  The Amended Complaint simply contains no facts which reasonably associate any of the defendants to any of the claims set forth by the plaintiff.  Mr. Conner has not satisfied the pleading standard of Rule 8.

In addition, the Amended Complaint does not set forth a claim under the Eighth Amendment.  Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities."  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  The Supreme Court in *Wilson v.*

3

*Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment.  A plaintiff must first plead facts which, if true, establish a sufficiently serious deprivation has occurred.  *Id.*  Seriousness is measured in response to "contemporary standards of decency."  *Hudson v. McMillian*, 503 U.S. 1, 8 (1992).  Routine discomforts of prison life do not suffice.  *Id.*  Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9.  In addition, plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind.  *Id.*  Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error.  *Whitley v. Albers*, 475 U.S. 312, 319 (1986).  Liability cannot be predicated solely on negligence.  *Id*.  A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Mr. Conner has not alleged facts to support the subjective component of this cause of action.  He claims the first AED was not charged and valuable time was lost while another AED was located.  An official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm.  *Id.* at 837.  Mere negligence will not suffice.  *Id.* at 835-36.  There is nothing in the Amended Complaint to suggest any of the defendants was aware that the AED was not properly charged prior to this choking incident.  At best, the prison may be negligent in maintaining its equipment.  Negligent actions, however, do not provide a basis for an Eighth Amendment violation.

4

**Conclusion**

Accordingly, this action will be dismissed pursuant to 28 U.S.C. §1915(e).  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.


Dated:  April 30, 2010                        /s/  John R. Adams
                                              JOHN R. ADAMS
                                              UNITED STATES DISTRICT JUDGE

---

[3]28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.